UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL FITNESS FAIR OAKS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | No. 2:20-cv-02153-JAM-CKD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

I. INTRODUCTION

Over the past year, this Court has been presented with unique and novel constitutional issues arising out of the COVID-19 pandemic. See Givens v. Newsom, No. 2:20-cv-00852-JAM-CKD (E.D. Cal. 2020); Cross Culture Christian Ctr. v. Newsom, No. 2:20-cv-00832-JAM-CKD (E.D. Cal. 2020); Best Supplement Guide, LLC, v. Newsom, No. 2:20-cv-00965-JAM-DKC (E.D. Cal. 2020). Each time the Court has ruled on one of these pandemic-era constitutional challenges, it has emphasized that context is important and bears repeating: across the United States, over 27 million people have been infected with COVID-19 and over500,000 have died.[1] In California, over 3.4 million have been infected

---

[1] Ctrs. for Disease Control & Prevention, "Cases in the U.S.," https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last accessed February 22, 2021).

1

1  and almost 50,000 have died.[2]  Those who recover from the virus
2  do not always do so fully, as reflected in growing reports of
3  permanent lung damage and other serious long-term health
4  complications.[3]  And still, these statistics do not begin to
5  capture the full fallout from the pandemic.  For instance, as
6  relevant to the present action, these statistics do not capture
7  the financial hardship so many businesses have faced and continue
8  to face during the pandemic.

9    Yet, with the vaccine rollout underway, there is finally
10 some light at the end of the tunnel.  Within the year, the
11 plaintiffs bringing these constitutional challenges to State and
12 Local Public Health Orders may be able to resume normal
13 operations.  In the meantime, their continued compliance with the
14 Orders remain essential to helping prevent the spread of COVID-19
15 and saving lives.

16   This context matters because the Public Health Orders being
17 challenged in these lawsuits have been enacted to stop the spread
18 of COVID-19 and keep Californians safe.  As such, not every harm
19 flowing from these Orders can be legally cognizable, let alone
20 rise to the level of a constitutional violation.  Indeed, this
21 Court recently dismissed a similarly situated gym owner's
22 challenge to the Orders, finding no constitutional claim had been

---

[2] Cal. Dep't of Public Health, "California COVID-19 by the Numbers," https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx#COVID-19 by the Numbers (last accessed February 22, 2021).

[3] Ctrs. for Disease Control & Prevention, "Long-Term Effects of COVID-19," https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html (last accessed February 19, 2021).

2

1  stated.  Best Supplement Guide, LLC v. Newsom, No. 2-20-cv-00965-
2  JAM-DKC, oral op. (E.D. Cal. Oct. 27, 2020).
3       The present action is brought by three California limited
4  liability corporations operating gyms in the Greater Sacramento
5  Area ("Plaintiffs") that were impacted by State and Local Public
6  Health Orders.  Compl., ECF No. 1.  Plaintiffs' gyms were
7  required to close from March to early June 2020, id. ¶¶ 73, 84,
8  93-94, and since June, Plaintiffs have incurred significant costs
9  to operate their gyms in compliance with Defendants' Orders, id.
10 ¶¶ 83, 89, 103.  In response, Plaintiffs filed this Section 1983
11 action against: (1) Gavin Newsom, Xavier Becerra, and Sandra
12 Shrewy ("State Defendants"); (2) Darrell Steinberg, Susana Alcala
13 Wood, and Daniel Hahn ("Sacramento City Defendants"); (3) Olivia
14 Kasirye, Scott Jones, Anne Schubert, Phil Serna, Patrick Kennedy,
15 Susan Peters, Sue Frost, and Don Nottoli ("Sacramento County
16 Defendants"); (4) Bela Matyas, Thomas Ferrara, Krishna Abrams,
17 Erin Hannigan, Monica Brown, Jim Spering, John Vasquez, and Skip
18 Thompson ("Solano County Defendants"); and (5) Thom Bogue, Robert
19 Thompson, and Douglas White ("Dixon Defendants").  Id.
20 Plaintiffs allege Defendants' Orders violate their constitutional
21 rights under both the U.S. Constitution and the California
22 Constitution.  Id. at ¶ 6.  Specifically, Plaintiffs assert five
23 claims against Defendants: (1) violation of the Takings Clause of
24 the Fifth Amendment, (2) violation of the Due Process Clause of
25 the Fourteenth Amendment, (3) violation of the Liberty Clause of
26 the California Constitution, (4) violation of the Equal
27 Protection Clause of the California Constitution, and
28 (5) violation of Cal. Gov. Code § 8572 (Anti-Commandeering).  Id.

¶¶ 104-154.  They seek monetary, declaratory, and injunctive relief for these alleged violations.  Id. at 26-27.

Before the Court are five motions to dismiss.[4]  Mot. to Dismiss by Dixon Defendants ("Dixon Mot."), ECF No. 13; Mot. to Dismiss by Sacramento County Defendants ("Sacramento County Mot."), ECF No. 19; Mot. to Dismiss by Solano County Defendants ("Solano Mot."), ECF No. 20; Mot. to Dismiss by State Defendants ("State Mot."), ECF No. 23; Mot. to Dismiss by Sacramento City Defendants ("Sacramento City Mot."), ECF No. 24.  Plaintiffs opposed these motions.  Opp'n by Excel Fitness et al. to Dixon Mot. ("Opp'n to Dixon"), ECF No. 25; Opp'n by Excel Fitness et al. to Sacramento City Mot. ("Opp'n to Sacramento City"), ECF No. 26; Opp'n by Excel Fitness et al. to State Mot. ("Opp'n to State"), ECF No. 27; Opp'n by Excel Fitness et al. to Solano Mot. ("Opp'n to Solano"), ECF No. 28; Opp'n by Excel Fitness et al. to Sacramento County Mot. ("Opp'n to Sacramento County"), ECF No. 30.  Each Defendant then filed a reply.  Reply by State Defendants ("State Reply"), ECF No. 33; Reply by Dixon Defendants ("Dixon Reply"), ECF No. 34; Reply by Sacramento County Defendants ("Sacramento County Reply"), ECF No. 35; Reply by Sacramento City Defendants ("Sacramento City Reply"), ECF No. 36; Reply by Solano County Defendants ("Solano Reply"), ECF No. 37.

For the reasons set forth below, the Court grants Defendants' motions to dismiss.

///

---

[4] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 26, 2021.

4

II.   FACTUAL BACKGROUND

Plaintiffs, three California LLCs, each respectively operate a membership-based gym that has been impacted by State and Local Public Health Orders enacted to combat the spread of COVID-19. See Compl. First, Excel Fitness Fair Oaks, LLC, ("Excel Fair Oaks") operates a gym in Fair Oaks, California. Id. ¶¶ 8, 72-83. Second, Jaguar Muay Thai ("Jaguar") operates a gym in Sacramento, California. Id. ¶¶ 9, 84-89. Third, Excel Fitness, LLC, ("Excel Dixon") operates a gym in Dixon, California. Id. ¶¶ 10, 90-103.

In March 2020, Governor Newsom, Sacramento County, and Solano County began issuing stay-at-home orders to combat the rapid spread of COVID-19. Id. ¶¶ 46-68; see also Governor Newsom's March 19, 2020, Stay-at-Home Order, Ex. 2 to Compl.; Sacramento and Solano Counties' March 2020 Stay-at-Home Orders, Ex. 3 to Compl. These stay-at-home orders required Plaintiffs' gyms to close. Id. ¶¶ 53, 73, 84. During their closures, each of the gyms lost members. Id. ¶¶ 74-75, 85-86, 93.

In early May, Governor Newsom announced the "Resilience Roadmap," a four-stage plan for reopening. See State's May 4, 2020, Pandemic Roadmap, Ex. 4 to Compl. Plaintiffs' gyms, however, were not allowed to reopen until early June. Id. ¶¶ 78, 88, 94. To reopen indoor operations in compliance with new COVID-19 safety protocols, each gym incurred significant costs. Id. ¶¶ 83, 89, 103.

The public health orders changed again in mid-July 2020, prohibiting indoor gym operations but permitting Plaintiffs' operations to continue outdoors. Id. ¶ 96. Excel Fair Oaks and Excel Dixon allege their ability to operate outdoors is limited

5

both by space constraints and the extreme heat and poor air quality caused by wildfires. Id. ¶¶ 80, 97-99. Though the State and County public health orders have continued to change[5], the complaint contains allegations only about the orders enacted between March and July 2020 ("Orders"). Id. ¶¶ 46-71, 96.

### III. LEGAL STANDARDS

#### A. Requests for Judicial Notice

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). A court may take judicial notice of matters of public record. United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). Matters of public record include "documents on file in federal or state courts." Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). They also include "government documents available from reliable sources on the internet." Cal. River Watch v. City of Vacaville, No. 2:17-cv-00524-KJM-KJN, 2017 WL 3840265, at *2 n.1 (E.D. Cal. Sept. 1, 2017). Moreover, courts may take judicial notice of matters of public record and consider them in deciding a Rule 12 motion without converting it into one for summary

---

[5] See State's August 2020, Blueprint for a Safer Economy, available at: https://www.gov.ca.gov/2020/08/28/governor-newsom-unveils-blueprint-for-a-safer-economy-a-statewide-stringent-and-slow-plan-for-living-with-covid-19/

judgment.  United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).  However, courts may not take judicial notice of "disputed facts stated in public records."  See Lee, 250 F.3d at 690.

Solano County Defendants request the Court take judicial notice of Exhibits A through T.  See Solano Defs.' Req. for Jud. Notice ("RJN"), ECF No. 21.  Sacramento County Defendants ask the Court to take judicial notice of Exhibits A through M.  See Sacramento County Defs' RJN, ECF No. 22.  State Defendants request the Court take judicial notice of seventeen exhibits.  See State Defs' RJN, ECF No. 23-2.  Finally, Sacramento City Defendants request the Court take notice of three exhibits.  See Sacramento City Defs' RJN, ECF No. 24-2.  Plaintiffs opposed Defendants' requests.  See Opp'n to State Defs' RJN, ECF No. 29; Opp'n to Solano Defs' RJN, ECF No. 31; Opp'n to Sacramento County Defs' RJN, ECF No. 32.

Having reviewed each of Defendants' requests and Plaintiffs' oppositions, the Court finds all exhibits to be matters of public record and therefore proper subjects of judicial notice.  Accordingly, the Court GRANTS all Defendants' Requests for Judicial Notice.  However, the Court takes judicial notice only of the existence of these documents and declines to take judicial notice of their substance, including any disputed or irrelevant facts within them.  Lee, 250 F.3d at 690; see also Gish v. Newsom, No. EDCV 20-755-JGB(KKx), at *2 (C.D. Cal. April 23, 2020) (explaining courts judicially notice only "the contents of the documents, not the truth of those contents").

B.  12(b)(6) Standard

A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). Dismissal is proper where there is no cognizable legal theory or insufficient facts supporting a claim entitling the plaintiff to relief. Hinds Invs., L.P. v. Angiolo, 654 F.3d 846, 850 (9th Cir. 2011). Constitutional claims — both facial and as-applied challenges — are subject to dismissal under Rule 12(b)(6) if the alleged facts fail to state a claim. See O'Brien v. Welty, 818 F.3d 920, 929–32 (9th Cir. 2016).

IV.  OPINION

In their five Motions, Defendants set forth a plethora of arguments as to why Plaintiffs' complaint should be dismissed, not all of which the Court finds necessary to reach in order to conclude that dismissal is warranted. See Dixon Mot.; Sacramento County Mot.; Solano Mot.; State Mot.; Sacramento City Mot.

Solano County and Sacramento County Defendants, for instance, lead with this Court's decision in Best Supplement, arguing that Plaintiffs here, like the plaintiff-gym-owners in Best Supplement, fail to demonstrate that any clearly protected constitutional right is at stake. Sacramento County Reply at 1-3; Solano Reply at 1 (both citing to Best Supplement Guide, LLC

v. Newsom, No. 2-20-cv-00965-JAM-DKC, oral op. (E.D. Cal. Oct. 27, 2020)). The Court agrees. Though the Court takes as true Plaintiffs' allegations that the Orders have financially harmed their gym businesses, Plaintiffs' indoor gym operations do not trigger any constitutional protections.

Significantly, Plaintiffs have not brought forth any authority, binding or otherwise, in which another court has found indoor gym operations are entitled to constitutional protection. See Opp'n to Dixon; Opp'n to Sacramento City; Opp'n to State; Opp'n to Solano; Opp'n to Sacramento County. Quite the opposite. Federal courts around the country addressing similar challenges by gym-owners have consistently upheld COVID-19 gym closures. See e.g. League of Independent Fitness Facilities & Trainers, Inc. v. Whitmer, 2020 WL 3468281 (6th Cir. June 24, 2020); World Gym, Inc. v. Baker, 2020 WL 4274557 (D. Mass. Jul. 24, 2020); Xponential Fitness v. Arizona, 2020 WL 3971908 (D. Ariz. Jul. 14, 2020).

Plaintiffs' failure to identify any constitutionally protected right at issue is alone grounds for dismissal. But, even if the Court were to find some constitutionally protected right at stake, Plaintiffs still have not alleged facts from which this Court could plausibly find that the challenged Orders violated Plaintiffs' constitutional rights. Hinds, 654 F.3d at 850. As explained below, this conclusion holds regardless of whether the Court applies Jacobson or traditional constitutional standards.

///

///

The parties dispute which standard – <u>Jacobson</u> or traditional constitutional standards – should govern the Court's 12(b)(6) analysis. Defendants argue for the application of the more deferential standard set forth in <u>Jacobson v. Commonwealth of Massachusetts</u>, 197 U.S. 11, 31 (1905). Dixon Mot. at 2-3; Sacramento County Mot. at 8-9; Solano Mot. at 6-7; State Mot. at 8-9; Sacramento City Mot. at 6-7. Seeming to understand their claims would fail under a <u>Jacobson</u> review, Plaintiffs dedicate much of their opposition briefs to arguing that traditional constitutional standards should apply. Opp'n to Dixon at 11-12; Opp'n to Sacramento City at 6-7; Opp'n to State at 6-7; Opp'n to Solano at 6-7; Opp'n to Sacramento County at 6-7. In particular, Plaintiffs insist that <u>Jacobson</u> should not apply in light of the Supreme Court's opinion in <u>Roman Catholic Diocese of Brooklyn v. Cuomo</u>, 141 S.Ct. 63 (2020). <u>Id.</u> The Court disagrees. <u>Roman Catholic Diocese</u>, a case involving a First Amendment Free Exercise challenge brought by houses of worship, does not bear on this case, which does not involve religious liberties nor the associated First Amendment protections that trigger strict scrutiny. <u>See</u> State Reply at 1-2; Dixon Reply at 5; Sacramento City Reply at 5.

To decide the present Motions, however, the Court need not resolve the scope of <u>Roman Catholic Diocese</u> and whether <u>Jacobson</u> remains the proper standard after that decision. As discussed below, even applying traditional constitutional standards, the Court finds Plaintiffs have not stated a viable constitutional claim.

///

A.   Fifth Amendment Takings Claim

Plaintiffs' first claim is that the Orders constitute a regulatory taking by the County and City Defendants in violation of the Fifth Amendment. Compl. ¶¶ 104-112. Defendants respond that "a takings claim cannot operate as a substitute for a challenge to the substantive validity of a law" under Lingle v. Chevron U.S.A. Inc., 544 U.S. 528 (2005). Sacramento County Mot. at 9-10; Solano Mot. at 8. In Lingle, the Supreme Court overturned summary judgment for Chevron because "Chevron plainly [did] not seek compensation for a taking of its property for a legitimate public use, but rather an injunction against the enforcement of a regulation that it alleges to be fundamentally arbitrary and irrational." Id. at 544. Under Lingle, the question of substantive validity of a regulation is logically prior to and distinct from the question of whether that regulation effects a taking. Id. at 543. Here, Defendants argue, Plaintiffs' takings claim is actually a challenge to the substantive validity of the Orders and therefore must fail. Sacramento County Mot. at 9-10; Solano Mot. at 8; Sacramento County Reply at 3; Solano Reply at 3. In opposition, Plaintiffs do not address Defendants' Lingle arguments. See Opp'n to Solano; Opp'n to Sacramento County. Plaintiffs' failure to address these arguments constitutes waiver. See e.g. Resnick v. Hyundai Motor Am., Inc., 2017 WL 1531192 at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."); Richardson-Bass v. State Center Cmty. College District, 2020 WL 5658225 at *15 (E.D. Cal. Sept. 23, 2020) (collecting cases).

11

Further, Plaintiffs do not attempt to address Defendants' arguments based on Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 535 U.S. 302 (2002). Sacramento County Mot. at 11; State Mot. at 10-11. In Tahoe-Sierra, the Supreme Court held that a 32-month moratorium on development on Lake Tahoe – a complete but temporary restriction on property use – did not constitute a regulatory taking. Id. Given that the Supreme Court did not find a 32-month moratorium to constitute a regulatory taking, Plaintiffs' allegations of a few months of gym closures, Compl. ¶¶ 53, 73, 84, followed by reopening with COVID-19-safety-related restrictions, id. ¶¶ 78-83, 88-89, 95-103, are clearly insufficient to establish a regulatory taking. Plaintiffs admit that since June, their gyms have been able to operate, id. ¶¶ 78, 88, 94, albeit sometimes only outdoors. Id. ¶ 96. Nor do Plaintiffs' allegations that space constraints and extreme weather conditions make operating outdoors difficult, Compl. ¶¶ 80, 97-100, change the constitutional analysis. Again, in Tahoe-Sierra, the Supreme Court upheld a 32-month complete moratorium; clearly then, Plaintiffs' allegations of restrictions on their indoor operations fail to state a claim.

In sum, these two Supreme Court precedents – Lingle and Tahoe-Sierra – foreclose Plaintiffs' claim that the Orders constituted an unconstitutional regulatory taking. Plaintiffs' takings claim under the Fifth Amendment therefore fails as a matter of law and must be dismissed.

The Court further finds that dismissal with prejudice is appropriate. The Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec.

Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).  In opposition, Plaintiffs failure to respond to Defendants' Lingle and Tahoe-Sierra arguments or proffer any additional facts or allegations that might save this claim convinces the Court that amendment would be futile. Accordingly, Plaintiffs' first claim is DISMISSED WITH PREJUDICE.

### B. Fourteenth Amendment Claim

With respect to their second claim under the Due Process Clause of the Fourteenth Amendment, Plaintiffs appear to advance three separate theories of liability: a procedural due process violation, a substantive due process violation, and a vagueness claim. Compl. ¶¶ 113-128.

The Due Process Clause of the Fourteenth Amendment contains both a procedural and substantive component. Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997).  "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property interests within the meaning of the Due Process clause." Mathews v. Eldridge, 424 U.S. 319, 332 (1976).

With respect to their procedural due process claim, Plaintiffs allege they were entitled to notice and a hearing before gyms were determined to be "non-essential" under the Orders and thus required to close, id. ¶ 121, or alternatively that they were entitled to a post-deprivation hearing to "present their case in favor of allowing Plaintiffs' business to remain open," id. ¶ 122.  But, the Ninth Circuit has specifically rejected the notion that the Due Process Clause requires this type of process before enacting and enforcing laws of general

1  applicability." Halverson v. Skagit County, 42 F.3d 1257, 1260
2  (9th Cir. 1994). "[G]overnmental decisions . . . not directed at
3  one or a few individuals do not give rise to the constitutional
4  procedural due process requirements of individual notice and
5  hearing; general notice as provided by law is sufficient."
6  Halverson, 42 F.3d at 1260.
7    Here, the challenged Orders are clearly decisions of general
8  applicability that do not target individual gym owners or
9  facilities. Compl. ¶¶ 48-71. Thus, under Halverson, Plaintiffs
10 were not entitled to individualized notice or the right to be
11 heard. As such, Plaintiffs' procedural due process claim fails
12 as a matter of law.
13    Turning to Plaintiffs' substantive due process claim, the
14 substantive component of the Fourteenth Amendment Due Process
15 Clause "forbids the government from depriving a person of life,
16 liberty, or property in such a way that . . . interferes with
17 rights implicit in the concept of ordered liberty" — regardless
18 of what type of process is first given. Engquist v. Oregon Dept.
19 of Agric., 478 F.3d 985, 996 (9th Cir 2007). To state a claim
20 for a substantive due process violation, the plaintiff must show
21 that the state action challenged either "shocks the conscience"
22 or arbitrarily deprived the plaintiff of a fundamental right.
23 United States v. Salerno, 481 U.S. 739, 746 (1987).
24    First, the Court finds nothing conscience-shocking about the
25 Orders being challenged. These Orders, enacted to protect the
26 community during an unprecedented public health crisis, plainly
27 do not shock the conscience by the demanding substantive due
28 process legal standards. Second, Plaintiffs have failed to

identify any fundamental right that they have been arbitrarily deprived of by Defendants. Though Plaintiffs pled in conclusory terms that they have been deprived of a fundamental right to "conduct lawful business activities," Compl. ¶¶ 117, 123, Plaintiffs fail to provide any legal authority supporting their position that such a right exists. See Opp'n to Dixon; Opp'n to Sacramento City; Opp'n to State; Opp'n to Solano; Opp'n to Sacramento County. To the contrary, neither the Supreme Court nor the Ninth Circuit has ever held that the right to pursue a business enterprise is a fundamental right entitled to heightened constitutional scrutiny. Sagana v. Tenorio, 384 F.3d 731, 742-743 (9th Cir. 2004). As such, the Court finds no fundamental right is at stake and rational basis review applies.

Under rational basis review, the Court need only ask "whether the government could have had a legitimate reason for acting as it did." Halverson, 42 F.3d at 1262. Further, under rational basis review, the burden is on Plaintiffs to show the government did not act legitimately. Id. (explaining "plaintiffs shoulder a heavy burden"). Plaintiffs here appear to confuse the burden, arguing that the Orders fail even under rational basis review because Defendants did not submit evidence that indoor gym operations directly resulted in COVID-19 outbreaks. Opp'n to Sacramento County at 12. But it is Plaintiffs' burden to show Defendants did not have a legitimate reason for acting as they did, not Defendants' burden to prove they did have a legitimate reason. Plaintiffs have not carried their burden.

Further, the Court finds the challenged Orders easily survive rational basis review: the Orders were enacted for a

legitimate reason – to curb the spread of COVID-19 - and are rationally related to curbing the spread because the Orders reduce the number of people mixing indoors, where the spread of COVID-19 occurs most readily.  See also <u>League of Independent Fitness Facilities & Trainers</u>, 2020 WL 3468281, at *3 ("the idea that heavy breathing and sweating in an enclosed space containing many shared surfaces creates conditions likely to spread the virus is a paradigmatic example of 'rational speculation' that fairly supports the Governor's treatment of indoor fitness facilities.")  Accordingly, Plaintiffs have not stated a substantive due process claim.

Finally, turning to Plaintiffs' claim that the Orders violate the Fourteenth Amendment because they are unconstitutionally vague, Plaintiffs allege the Orders "fail to provide sufficient notice of which actions will potentially subject Plaintiffs to civil or criminal penalties."  Compl. ¶¶ 116, 118.  As a result, Plaintiffs "have been forced to operate between a rock and a hard place, trying to comply with all of the applicable Orders, but unable to discern what the applicable law permits."  <u>Id.</u> ¶ 66.

However, to state such a claim, Plaintiffs must plead more than the conclusory allegations that the Public Health Orders are vague.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("mere conclusory statements do not suffice" to defeat a motion to dismiss).  Here, Plaintiffs have failed to explain how the Orders are vague as to what is permitted and what is not.  Moreover, Plaintiffs' allegations in other parts of the Complaint indicate they do in fact understand what the Public Health Orders permit

and what they prohibit. Compl. ¶¶ 78-80, 88, 94-96. Excel's lone allegation that Defendant Thompson cited Excel for alleged violations of the orders without providing "any clear indication as to how Excel violated Defendants' Orders", id. ¶ 101, does not save Plaintiffs' vagueness claim. Even accepting this allegation as true, the Court cannot plausibly infer from the allegation that because Thompson's citations were vague that the underlying Orders must also be vague. Accordingly, the Court finds Plaintiffs' vagueness claim also fails.

In sum, all three of Plaintiffs' Fourteenth Amendment claims – the procedural due process claim, the substantive due process claim, and the vagueness claim – fail as a matter of law. Finding once again that further amendment would be futile, Plaintiffs' second claim is DISMISSED WITH PREJUDICE. Deveraturda, 454 F.3d at 1049 (finding leave to amend need not be granted when amendment would be futile).

    C.   State Law Claims

Plaintiffs' remaining state-law claims are that the challenged Orders violate the Liberty Clause of the California Constitution, Compl. ¶¶ 129-135, the Equal Protection Clause of the California Constitution, id. ¶¶ 136-142, and Cal. Gov. Code § 8572, id. ¶¶ 143-154.

With Plaintiffs' two federal claims dismissed, this Court "may decline to exercise supplemental jurisdiction over a related state claim if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, the Court so declines.

The Court additionally notes that, as Defendants argue in

17

their reply briefs, Plaintiffs have not meaningfully addressed Defendants' legal arguments as to why the state law claims should be dismissed.  State Reply at 5; Solano Reply at 4; Sacramento County Reply at 4-5.  Plaintiffs' failure to address Defendants' legal arguments constitutes waiver and further warrants dismissal of these claims.

Accordingly, Plaintiffs' state law claims are DISMISSED without prejudice to refile in state court.

### V. SANCTIONS

A violation of the Court's standing order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court.  Order re Filing Requirements at 1, ECF No. 9-2.  Moreover, the Court does not consider arguments made past the page limit.  Id.

Dixon Defendants' reply brief exceeds the Court's page limit by 1.5 pages.  See Dixon Reply.  Dixon Defendants' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $75.00 no later than seven days from the date of this Order.

Sacramento City Defendants' reply brief also exceeds the Court's page limit by 1.5 pages.  See Sacramento City Reply. Sacramento City Defendants' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $75.00 no later than seven days from the date of this Order.

### VI. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss.  Plaintiffs' two federal claims are dismissed WITH PREJUDICE.  The Court declines to exercise

supplemental jurisdiction over the remaining state law claims. Thus, Plaintiffs' three state law claims are dismissed WITHOUT PREJUDICE to refile in state court.

IT IS SO ORDERED.

Dated: March 1, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE